**IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF TEXAS
SHERMAN DIVISION**

| | | |
|---|---|---|
| BRANDI MERRELL, | § | |
| | § | |
| Plaintiff | § | |
| | § | |
| v. | § | |
| | § | Case No. 4:26-cv-00313-MJT |
| EQUIFAX INFORMATION SERVICES, | § | |
| LLC, TRANS UNION, LLC, and HIGHER | § | |
| EDUCATION LOAN AUTHORITY OF | § | |
| THE STATE OF MISSOURI, | § | |
| | § | |
| Defendants. | § | |
| | § | |

**EQUIFAX INFORMATION SERVICES LLC'S ANSWER TO PLAINTIFF'S
COMPLAINT AND AFFIRMATIVE AND OTHER DEFENSES**

Equifax Information Services LLC ("Equifax"), by and through its attorneys and pursuant

to Rules 8 and 12 of the Federal Rules of Civil Procedure, hereby answers Plaintiff's Complaint

and asserts its affirmative and other defenses as follows:

**PRELIMINARY STATEMENT**

**COMPLAINT ¶1:**

This is an action for actual, statutory, and punitive damages, costs, and attorneys' fees
pursuant to 15 U.S.C. §1681 et seq. (Fair Credit Reporting Act).

**ANSWER:**

Equifax admits that Plaintiff purports to make such allegations.  Equifax denies that it

violated the FCRA or any other law, denies it is liable to Plaintiff, and denies any remaining

allegations in this paragraph.

**COMPLAINT ¶2:**

Plaintiff makes these allegations on information and belief, with the exception of those
allegations that pertain to Plaintiff or Plaintiff's counsel, which Plaintiff alleges on personal
knowledge.

325814195v.1

-2-

**ANSWER:**

Equifax admits that Plaintiff purports to make such allegations.  Equifax denies that it violated the FCRA or any other law, denies it is liable to Plaintiff, and denies any remaining allegations in this paragraph.

**COMPLAINT ¶3:**

While many violations are described below with specificity, this Complaint alleges violations of the statutes cited in their entirety.

**ANSWER:**

Equifax denies any and all allegations in this paragraph, denies that it violated the FCRA or any other law, and denies that Plaintiff is entitled to any damages whatsoever.

**COMPLAINT ¶4:**

All violations by the Defendants were knowing, willful, and intentional, and Defendants did not maintain procedures reasonably adapted to avoid any such violations.

**ANSWER:**

Equifax denies the allegations in this paragraph.

**COMPLAINT ¶5:**

Unless otherwise indicated, the use of a Defendant's name in this Complaint includes all agents, principles, managing agents, employees, officers, members, directors, heirs, successors, assigns, principals, trustees, sureties, subrogees, representatives, and insurers of the Defendants named in this Complaint.

**ANSWER:**

Equifax admits that it conducts business through its employees and others.  Equifax denies the remaining allegations in this paragraph.

**JURISDICTION AND VENUE**

**COMPLAINT ¶6:**

Jurisdiction of this Court is conferred by 15 U.S.C. §1681(p) and 28 U.S.C. §1331.

325814195v.1

**ANSWER:**

To the extent Plaintiff has properly alleged the claims herein, Equifax admits that this Court may exercise its subject matter jurisdiction.

**COMPLAINT ¶7:**

Venue in this District is appropriate under 28 U.S.C. §1391(b).

**ANSWER:**

Equifax admits that the Plaintiff has alleged venue in this district is proper pursuant to 28 U.S.C. § 1391(b)(2). Equifax states that this is a legal conclusion which is not subject to denial or admission.

**PARTIES**

**COMPLAINT ¶8:**

Plaintiff is a natural person residing in the Dallas metropolitan area and is a "consumer" as that term is defined by 15 U.S.C. §1681a(c).

**ANSWER:**

Equifax lacks knowledge or information sufficient to form a belief regarding the allegations in this paragraph and, on that basis, denies the allegations contained therein, except admits, upon information and belief, that Plaintiff qualifies as a "consumer" under the FCRA.

**COMPLAINT ¶9:**

Defendant Equifax Information Services, LLC (hereinafter "Equifax"), is a Foreign For-Profit Limited Liability Company registered to do business in Texas and with a registered agent in Texas. Defendant is a "consumer reporting agency," as defined by 15 U.S.C. § 1681a(f), and is engaged in the business of assembling, evaluating, and disbursing information concerning consumers for the purpose of furnishing consumer reports, as defined by 15 U.S.C. § 1681a(d), to third parties. Based on information and belief, Equifax is reporting consumer credit files on over one million consumers in the Eastern District of Texas.

**ANSWER:**

Equifax admits that it is a Georgia limited liability company and that it is registered to do business in the State of Texas.  Equifax further admits that some of its business activities make it

-3-

325814195v.1

a "consumer reporting agency" under the FCRA as to those activities only and, at times, it engages in the business of assembling, and disbursing consumer reports to third-parties for monetary compensation.  Equifax denies the remaining allegations in this paragraph.

**COMPLAINT ¶10:**

Defendant TransUnion, LLC (hereinafter "TransUnion"), is a Foreign For-Profit Limited Liability Company registered to do business in Texas and with a registered agent in Texas. Defendant is a "consumer reporting agency," as defined by 15 U.S.C. § 1681a(f), and is engaged in the business of assembling, evaluating, and disbursing information concerning consumers for the purpose of furnishing consumer reports, as defined by 15 U.S.C. § 1681a(d), to third parties. Based on information and belief, TransUnion is reporting consumer credit files on over one million consumers in the Eastern District of Texas.

**ANSWER:**

Equifax lacks knowledge or information sufficient to form a belief regarding the allegations in this paragraph and, on that basis, denies the allegations contained therein.

**COMPLAINT ¶11:**

Defendant Higher Education Loan Authority for the State of Missouri (hereinafter "MOHELA") is a Foreign Nonprofit Corporation with a registered agent in Texas. Defendant is a "furnisher" of information, as defined by 15 U.S.C. §1681s(a)&(b), who regularly and in the ordinary course of business furnishes credit information to Credit Reporting Agencies about consumer transactions. Defendant is actively conducting business in the Eastern District of Texas.

**ANSWER:**

Equifax lacks knowledge or information sufficient to form a belief regarding the allegations in this paragraph and, on that basis, denies the allegations contained therein.

## FACTUAL ALLEGATIONS

**COMPLAINT ¶12:**

Plaintiff incorporates by reference all the foregoing paragraphs as though the same were set forth at length herein.

**ANSWER:**

Equifax incorporates the preceding answers as though the same were set forth at length herein.

325814195v.1

**COMPLAINT ¶13:**

Plaintiff is the victim of inaccurate credit reporting.

**ANSWER:**

Equifax denies the allegations in this paragraph.

**COMPLAINT ¶14:**

Plaintiff is the victim of identity theft.

**ANSWER:**

Equifax lacks knowledge or information sufficient to form a belief regarding the allegations in this paragraph and, on that basis, denies the allegations contained therein.

**COMPLAINT ¶15:**

Plaintiff became the victim of identity theft when an unknown individual accessed and used Plaintiff's personal identifying information (PII) to obtain various loans without Plaintiff's knowledge or authorization.

**ANSWER:**

Equifax lacks knowledge or information sufficient to form a belief regarding the allegations in this paragraph and, on that basis, denies the allegations contained therein.

**COMPLAINT ¶16:**

As a result of the identity theft, multiple accounts and addresses not belonging to Plaintiff began appearing on Plaintiff's credit reports.

**ANSWER:**

Equifax denies reporting inaccurate information.  Equifax lacks knowledge or information sufficient to form a belief regarding the remaining allegations in this paragraph and, on that basis, denies the allegations contained therein.

**COMPLAINT ¶17:**

The following accounts began appearing on Plaintiff's Equifax credit report as a result of identity theft:

325814195v.1

a.    EQUIFAX:

i.    MISSOURI HIGHER EDUCATION LOAN    Account #****0916

ii.    MISSOURI HIGHER EDUCATION LOAN    Account #****0916

**ANSWER:**

Equifax denies reporting inaccurate information.  Equifax lacks knowledge or information sufficient to form a belief regarding the remaining allegations in this paragraph and, on that basis, denies the allegations contained therein.

**COMPLAINT ¶18:**

Plaintiff disputed the fraudulent accounts through dispute packages mailed directly to Equifax via USPS Certified Mail.

**ANSWER:**

Equifax admits that on or around November 4, 2024 and December 21, 2024, it received letters purportedly from Plaintiff concerning information in her credit file, the contents of which speak for themselves. Equifax denies the remaining allegations in this paragraph.

**COMPLAINT ¶19:**

Plaintiff's Equifax dispute package included a detailed and thorough dispute letter signed by Plaintiff, a copy of Plaintiff's driver's license, and a copy of Plaintiff's utility bill showing her current address for identity verification.

**ANSWER:**

Equifax admits that on or around November 4, 2024 and December 21, 2024, it received letters purportedly from Plaintiff concerning information in her credit file, the contents of which speak for themselves. Equifax denies the remaining allegations in this paragraph.

**COMPLAINT ¶20:**

Plaintiff's Equifax dispute package was delivered and signed for by an Equifax agent or employee on December 21, 2024.

325814195v.1

**ANSWER:**

Equifax admits that on or around December 21, 2024, it received a letter purportedly from Plaintiff concerning information in her credit file, the contents of which speak for themselves. Equifax denies the remaining allegations in this paragraph.

**COMPLAINT ¶21:**

On January 21, 2025, more than thirty (30) days following its receipt of Plaintiff's dispute package, Plaintiff viewed her Equifax report and found that it had continued its reporting of the fraudulent accounts disputed by Plaintiff.

**ANSWER:**

Equifax denies the allegations in this paragraph and further denies that it violated the FCRA or any other law.

**COMPLAINT ¶22:**

The following fraudulent accounts continued appearing on Plaintiff's Equifax credit report for more than thirty (30) days following its receipt of Plaintiff's dispute package, in violation of the FCRA:

    a.    EQUIFAX:

        i.    MISSOURI HIGHER EDUCATION LOAN    Account #****0916

        ii.    MISSOURI HIGHER EDUCATION LOAN    Account #****0916

**ANSWER:**

Equifax denies the allegations in this paragraph and further denies that it violated the FCRA or any other law.

**COMPLAINT ¶23:**

A few months later, the same fraudulent accounts began appearing on Plaintiff's Trans Union credit report because of identity theft:

    a.    TRANS UNION

        i.    MOHELA/DEPT OF ED    Account #2496****

        ii.    MOHELA/DEPT OF ED    Account #2496****

325814195v.1

**ANSWER:**

Equifax lacks knowledge or information sufficient to form a belief regarding the allegations in this paragraph and, on that basis, denies the allegations contained therein.

**COMPLAINT ¶24:**

Plaintiff disputed the fraudulent accounts through dispute packages mailed directly to Trans Union via USPS Certified Mail.

**ANSWER:**

Equifax lacks knowledge or information sufficient to form a belief regarding the allegations in this paragraph and, on that basis, denies the allegations contained therein.

**COMPLAINT ¶25:**

Plaintiff's Trans Union dispute package included a detailed and thorough dispute letter signed by Plaintiff, a copy of Plaintiff's FTC report, a copy of Plaintiff's police report, and a copy of Plaintiff's driver's license for identity verification.

**ANSWER:**

Equifax lacks knowledge or information sufficient to form a belief regarding the allegations in this paragraph and, on that basis, denies the allegations contained therein.

**COMPLAINT ¶26:**

Plaintiff's Trans Union dispute package was delivered and signed for by a Trans Union agent or employee on August 28, 2025.

**ANSWER:**

Equifax lacks knowledge or information sufficient to form a belief regarding the allegations in this paragraph and, on that basis, denies the allegations contained therein.

**COMPLAINT ¶27:**

On September 30, 2025, more than thirty (30) days following its receipt of Plaintiff's dispute package, Plaintiff viewed her Trans Union report and found that it had continued its reporting of the fraudulent accounts disputed by Plaintiff.

325814195v.1

**ANSWER:**

Equifax lacks knowledge or information sufficient to form a belief regarding the allegations in this paragraph and, on that basis, denies the allegations contained therein.

**COMPLAINT ¶28:**

Trans Union continued its reporting of the fraudulent accounts disputed by Plaintiff for more than four (4) business days following its receipt of Plaintiff's dispute package containing Plaintiff's detailed and thorough dispute letter signed by Plaintiff, Plaintiff's FTC report, and Plaintiff's police report, in violation of the FCRA.

**ANSWER:**

Equifax lacks knowledge or information sufficient to form a belief regarding the allegations in this paragraph and, on that basis, denies the allegations contained therein.

**COMPLAINT ¶29:**

The following fraudulent accounts continued appearing on Plaintiff's Trans Union credit report for more than thirty (30) days following its receipt of Plaintiff's dispute package, in violation of the FCRA:

    a.    TRANS UNION

        i.    MOHELA/DEPT OF ED        Account #2496****

        ii.    MOHELA/DEPT OF ED        Account #2496****

**ANSWER:**

Equifax lacks knowledge or information sufficient to form a belief regarding the allegations in this paragraph and, on that basis, denies the allegations contained therein.

**COMPLAINT ¶30:**

Defendants' inaccurate credit reporting was viewed by third parties, causing damages to Plaintiff.

**ANSWER:**

Equifax denies any and all allegations in this paragraph, denies that it violated the FCRA or any other law, and denies that Plaintiff is entitled to any damages whatsoever.

-9-

**COMPLAINT ¶31:**

As a result of Defendants' conduct, Plaintiff suffered damages, described in detail below.

**ANSWER:**

Equifax denies any and all allegations in this paragraph, denies that it violated the FCRA

or any other law, and denies that Plaintiff is entitled to any damages whatsoever.

## PLAINTIFF'S DAMAGES

**COMPLAINT ¶32:**

As a result of Defendants' violations of the FCRA, Plaintiff is entitled to actual, statutory, and punitive damages, along with their attorneys' fees and costs in this matter. Defendants' conduct was such that Defendants acted willfully, intentionally, recklessly, and/or negligently in their actions related to Plaintiff.

**ANSWER:**

Equifax denies any and all allegations in this paragraph, denies that it violated the FCRA

or any other law, and denies that Plaintiff is entitled to any damages whatsoever.

**COMPLAINT ¶33:**

The conduct of the Defendants was a direct and/or proximate cause, as well as a substantial factor in bringing about injuries, damages, and harm suffered by Plaintiff. Plaintiff continues to suffer as a result of Defendants' conduct. Plaintiff expects their damages to continue to accrue and be ongoing until they are made whole again if that ever occurs.

**ANSWER:**

Equifax denies any and all allegations in this paragraph, denies that it violated the FCRA

or any other law, and denies that Plaintiff is entitled to any damages whatsoever.

**COMPLAINT ¶34:**

Defendants, due to their conduct, are liable to compensate Plaintiff for the full amount of actual, statutory, compensatory, and punitive damages, as well as such other relief permitted by law. Plaintiff suffered the following types of damages due to the conduct of Defendants:

    a.    Emotional damages in the form of mental anguish, humiliation, and embarrassment. Plaintiff has suffered significant emotional distress due to the identity theft. Plaintiff was in the process of buying a home when she learned of the fraudulent accounts, causing Plaintiff to have to put the home buying process on hold. This

-10-

325814195v.1

situation caused Plaintiff to struggle with debilitating stress, anxiety, and depression. Plaintiff cries frequently because of Defendants' conduct and experiences feelings of hopelessness and despair that affect her daily life.

b.   Physical manifestations of mental anguish, humiliation, and embarrassment. Plaintiff's emotional distress has manifested in various physical symptoms, including frequent and recurring loss of sleep, severe headaches, and neck and back pain. Plaintiff feels as though her overall health has been negatively impacted as a result of the constant stress she has been under since learning of the identity theft.

c.   Financial damages, including damages to Plaintiff's creditworthiness, credit reputation, and borrowing power. Plaintiff's creditworthiness, credit reputation, and borrowing power have been harmed as a result of Defendants' conduct, causing Plaintiff to be unable to qualify for a home. The fraudulent accounts caused serious damage to Plaintiff's debt-to-income ratio, affecting her overall borrowing power. As a result, Plaintiff is stuck paying a mortgage on a plot of land on which she is unable to build a home due to her credit. Plaintiff pulled money from her retirement fund in order to obtain a home loan that she was ultimately unable to qualify for due to defendant's inaccurate credit reporting. This has caused a delay in Plaintiff's wealth as those funds are now sitting idle, losing potential gains from dividends or interest. Overall, Plaintiff feels as though this situation has caused a delay in her wealth and ability to make financial decisions for herself and her family.

**ANSWER:**

Equifax denies any and all allegations in this paragraph, denies that it violated the FCRA or any other law, and denies that Plaintiff is entitled to any damages whatsoever.

**COMPLAINT ¶35:**

Plaintiff's damages caused by and through the conduct of Defendants are more generally described as follows:

d.   Emotional damages in the form of mental anguish, humiliation, embarrassment, depression, and anxiety.

e.   Physical manifestations of stress and anxiety, including loss of sleep, headaches, and neck and back pain.

f.   Financial damages, including damage to Plaintiff's creditworthiness, credit reputation, and borrowing power, leading to credit denials.

g.   All other damages as described above.

325814195v.1

-12-

**ANSWER:**

Equifax denies any and all allegations in this paragraph, denies that it violated the FCRA or any other law, and denies that Plaintiff is entitled to any damages whatsoever.

**COMPLAINT ¶36:**

Plaintiff's damages attributable to Defendants are serious, continuing, and ongoing.

**ANSWER:**

Equifax denies any and all allegations in this paragraph, denies that it violated the FCRA or any other law, and denies that Plaintiff is entitled to any damages whatsoever.

**COMPLAINT ¶37:**

Defendants' actions have led to Plaintiff's great detriment and loss and are caused by the conduct of Defendants described herein.

**ANSWER:**

Equifax denies any and all allegations in this paragraph, denies that it violated the FCRA or any other law, and denies that Plaintiff is entitled to any damages whatsoever.

**CAUSES OF ACTION**

**COMPLAINT ¶38:**

Plaintiff incorporates by reference the foregoing paragraphs as though the same were set forth at length herein.

**ANSWER:**

Equifax incorporates the preceding answers as though the same were set forth at length herein.

**COMPLAINT ¶39:**

This suit is based upon the Defendants' violations of the Fair Credit Reporting Act (FCRA). All causes of action were the producing causes of damages which Plaintiff has suffered.

-12-

**ANSWER:**

Equifax denies any and all allegations in this paragraph, denies that it violated the FCRA or any other law, and denies that Plaintiff is entitled to any damages whatsoever.

## VIOLATIONS OF THE FAIR CREDIT REPORTNG ACT (FCRA)

**COMPLAINT ¶40:**

Plaintiff incorporates by reference the foregoing paragraphs and as though the same were set forth at length herein.

**ANSWER:**

Equifax incorporates the preceding answers as though the same were set forth at length herein.

**COMPLAINT ¶41:**

The FCRA defines a "Consumer Reporting Agency" as "any person which, for monetary fees, dues, or on a cooperative nonprofit basis, regularly engages in whole or in part in the practice of assembling or evaluating consumer credit information or other information on consumers for the purpose of furnishing consumer reports to third parties, and which uses any means or facility of interstate commerce for the purpose of preparing or furnishing consumer reports." 15 U.S.C. § 1681a(f).

**ANSWER:**

Equifax states that the statutory provisions referenced by this paragraph speak for themselves, and Equifax denies the allegations to the extent Plaintiff misstates, mischaracterizes, misquotes, or takes out of context the contents of the statutory provisions referenced by this paragraph.

**COMPLAINT ¶42:**

Defendants Trans Union and Equifax are Consumer Reporting Agencies pursuant to the FCRA and will collectively be referred to as "the CRAs," or "the CRA Defendants."

**ANSWER:**

Equifax admits that some of its business activities make it a "consumer reporting agency" under the FCRA.

**COMPLAINT ¶43:**

The FCRA defines a "Person" as "any individual, partnership, corporation, trust, estate, cooperative, association, government or governmental subdivision or agency, or other entity." 15 U.S.C. § 1681a(b).

**ANSWER:**

Equifax states that the statutory provisions referenced by this paragraph speak for themselves, and Equifax denies the allegations to the extent Plaintiff misstates, mischaracterizes, misquotes, or takes out of context the contents of the statutory provisions referenced by this paragraph.

**COMPLAINT ¶44:**

The Code of Federal Regulations defines a "Furnisher" as "an entity that furnishes information relating to consumers to one or more consumer reporting agencies for inclusion in a consumer report." 12 CFR § 1022.41(c).

**ANSWER:**

Equifax states that the statutory provisions referenced by this paragraph speak for themselves, and Equifax denies the allegations to the extent Plaintiff misstates, mischaracterizes, misquotes, or takes out of context the contents of the statutory provisions referenced by this paragraph.

**COMPLAINT ¶45:**

Defendant MOHELA is a "Person" pursuant to the FCRA, and "Furnisher" pursuant to the Code of Federal Regulations (CFR) and will be referred to as "the Data Furnisher" or "the Data Furnisher Defendant."

**ANSWER:**

Equifax lacks knowledge or information sufficient to form a belief regarding the allegations in this paragraph and, on that basis, denies the allegations contained therein.

**COMPLAINT ¶46:**

The following conduct of the CRAs and the Data Furnisher was a direct and/or proximate cause, as well as a substantial factor in, and/or producing cause bringing about the serious injuries,

-14-

325814195v.1

damages, and harm that Plaintiff has suffered and continues to suffer as of the filing of this Complaint. Plaintiff expects their damages caused by the CRAs and the Data Furnisher to continue to accrue and be ongoing until Plaintiff is made whole again.

**ANSWER:**

Equifax denies any and all allegations in this paragraph, denies that it violated the FCRA or any other law, and denies that Plaintiff is entitled to any damages whatsoever.

**COMPLAINT ¶47:**

The CRAs and the Data Furnisher, as defined above, acted in a manner that was willful, intentional, reckless, and/or negligent in their actions related to Plaintiff. As a result of these Defendants' violations of the FCRA, which are listed below, Plaintiff is entitled to actual, statutory, and punitive damages along with their attorneys' fees and costs in this matter.

**ANSWER:**

Equifax denies any and all allegations in this paragraph, denies that it violated the FCRA or any other law, and denies that Plaintiff is entitled to any damages whatsoever.

**COMPLAINT ¶48:**

Plaintiff's damages attributable to the CRAs and the Data Furnisher are described in detail in paragraphs 32 through 37 above.

**ANSWER:**

Equifax denies any and all allegations in this paragraph, denies that it violated the FCRA or any other law, and denies that Plaintiff is entitled to any damages whatsoever.

**COMPLAINT ¶49:**

Plaintiff's damages attributable to the CRAs and the Data Furnisher are serious, continuing, and ongoing.

**ANSWER:**

Equifax denies any and all allegations in this paragraph, denies that it violated the FCRA or any other law, and denies that Plaintiff is entitled to any damages whatsoever.

**COMPLAINT ¶50:**

This suit is brought against the Defendants for violations of the FCRA which are the causes of Plaintiff's damages. In all instances of violating the FCRA, Defendants did so willfully, intentionally, recklessly, and/or negligently. Plaintiff is entitled to recover actual damages, punitive damages, and reasonable attorneys' fees under 15 U.S.C. §1681n and §1681o.

**ANSWER:**

Equifax admits that Plaintiff purports to make such allegations. Equifax denies that it violated the FCRA or any other law, denies it is liable to Plaintiff, and denies any remaining allegations in this paragraph.

## COUNT I:

### 15 U.S.C. § 1681e(b)
### Failure to Follow Reasonable Procedures to Assure Maximum Possible Accuracy
### (Defendants Equifax and Trans Union)

**COMPLAINT ¶51:**

Plaintiff incorporates by reference the foregoing paragraphs and as though the same were set forth at length herein.

**ANSWER:**

Equifax incorporates the preceding answers as though the same were set forth at length herein.

**COMPLAINT ¶52:**

The FCRA provides that "[w]henever a consumer reporting agency prepares a consumer report it shall follow reasonable procedures to assure maximum possible accuracy of the information concerning the individual about whom the report relates." 15 U.S.C. § 1681e(b).

**ANSWER:**

Equifax states that the statutory provisions referenced by this paragraph speak for themselves, and Equifax denies the allegations to the extent Plaintiff misstates, mischaracterizes, misquotes, or takes out of context the contents of the statutory provisions referenced by this paragraph.

325814195v.1

**COMPLAINT ¶53:**

The CRAs maintained fraudulent and inaccurate information about Plaintiff and prepared credit reports regarding Plaintiff containing fraudulent information.

**ANSWER:**

Equifax denies the allegations in this paragraph and further denies that it violated the FCRA or any other law.

**COMPLAINT ¶54:**

Despite actual and implied knowledge that Plaintiff was the victim of identity theft, the CRAs readily stored, prepared, reported, and/or sold reports containing fraudulent and inaccurate information about Plaintiff, and in doing so, the CRAs suggested that Plaintiff was responsible for accounts and information that was the product of identity theft.

**ANSWER:**

Equifax denies the allegations in this paragraph and further denies that it violated the FCRA or any other law.

**COMPLAINT ¶55:**

The CRAs' conduct as to Plaintiff was such that a third party who viewed Plaintiff's credit reports could reasonably infer that the fraudulent and inaccurate information being reported by the CRAs was accurate, to Plaintiff's great detriment.

**ANSWER:**

Equifax denies the allegations in this paragraph and further denies that it violated the FCRA or any other law.

**COMPLAINT ¶56:**

The CRA Defendants violated 15 U.S.C. § 1681e(b) by failing to establish and follow reasonable procedures to assure maximum possible accuracy in the preparation of credit files and/or reports they maintained and published about Plaintiff.

**ANSWER:**

Equifax denies the allegations in this paragraph.

325814195v.1

**COMPLAINT ¶57:**

Had the CRAs established and/or followed reasonable procedures to assure maximum possible accuracy of their credit files and/or reports concerning Plaintiff, the CRAs would have known that the information being reported about Plaintiff was fraudulent and inaccurate.

**ANSWER:**

Equifax denies the allegations in this paragraph and further denies that it violated the FCRA

or any other law.

**COMPLAINT ¶58:**

Plaintiff disputed the fraudulent and inaccurate accounts multiple times, including through dispute packages mailed directly to the CRAs via USPS certified mail. In these dispute packages, Plaintiff expressly informed the CRAs that Plaintiff was the victim of identity theft and that the disputed account information did not belong to Plaintiff. Plaintiff instructed the CRAs not to rely on the Data Furnisher for accurate information about their credit and to conduct an independent investigation into Plaintiff's dispute.

**ANSWER:**

Equifax admits that on November 4, 2024 and December 21, 2024, it received letters

purportedly from Plaintiff concerning allegedly fraudulent information in her credit file, the

contents of which speak for themselves. Equifax denies the remaining allegations in this paragraph.

**COMPLAINT ¶59:**

Had the CRAs established and/or followed reasonable procedures to assure maximum possible accuracy of their credit files and/or reports concerning Plaintiff, the CRAs would have deleted and/or blocked the reporting of the fraudulent and inaccurate information after being put on notice of the identity theft from Plaintiff's dispute package.

**ANSWER:**

Equifax denies the allegations in this paragraph and further denies that it violated the FCRA

or any other law.

325814195v.1

## COUNT II:

### 15 U.S.C. § 1681i(a)(1)(A)
### Failure to Conduct a Reasonable Investigation into Plaintiff's Dispute
### (Defendants Equifax and Trans Union)

**COMPLAINT ¶60:**

Plaintiff incorporates by reference the foregoing paragraphs and as though the same were set forth at length herein.

**ANSWER:**

Equifax incorporates the preceding answers as though the same were set forth at length herein.

**COMPLAINT ¶61:**

The FCRA provides:

[I]f the completeness or accuracy of any item of information contained in a consumer's file at a consumer reporting agency is disputed by the consumer and the consumer notifies the agency directly, or indirectly through a reseller, of such dispute, the agency shall, free of charge, conduct a reasonable reinvestigation to determine whether the disputed information is inaccurate and record the current status of the disputed information, or delete the item from the file.... before the end of the 30-day period beginning on the date on which the agency receives the notice of the dispute from the consumer or reseller.

15 U.S.C. § 1681i(a)(1)(A).

**ANSWER:**

Equifax states that the statutory provisions referenced by this paragraph speak for themselves, and Equifax denies the allegations to the extent Plaintiff misstates, mischaracterizes, misquotes, or takes out of context the contents of the statutory provisions referenced by this paragraph.

**COMPLAINT ¶62:**

Plaintiff disputed the fraudulent and inaccurate accounts through dispute packages mailed directly to the CRAs via USPS Certified Mail. Plaintiff's dispute packages each included a detailed and thorough dispute letter signed by Plaintiff and a copy of Plaintiff's driver's license for identity verification.

325814195v.1

**ANSWER:**

Equifax admits that on November 4, 2024 and December 21, 2024, it received letters purportedly from Plaintiff concerning information in her credit file, the contents of which speak for themselves. Equifax denies the remaining allegations in this paragraph.

**COMPLAINT ¶63:**

Each of Plaintiff's disputes contained more than enough information for the CRAs to investigate and find that Plaintiff was, in fact, the victim of identity theft, and that the fraudulent and inaccurate accounts had been placed on Plaintiff's credit reports as a result of identity theft

**ANSWER:**

Equifax denies the allegations in this paragraph.

**COMPLAINT ¶64:**

After pulling new credit reports more than thirty (30) days following the CRAs' receipt of Plaintiff's disputes, Plaintiff found that the CRAs had each continued reporting the fraudulent and inaccurate information disputed by Plaintiff.

**ANSWER:**

Equifax denies the allegations in this paragraph.

**COMPLAINT ¶65:**

Plaintiff provided the CRAs with ample information showing that the disputed accounts were the product of identity theft. Had the CRAs conducted a reasonable investigation in accordance with the requirements imposed by the FCRA, they would have deleted the items from Plaintiff's credit files before the end of the thirty (30) day period.

**ANSWER:**

Equifax denies the allegations in this paragraph and further denies that it violated the FCRA or any other law.

325814195v.1

## COUNT III:

### 15 U.S.C. § 1681i(a)(4)
### Failure to Read and Consider Documents Attached to Plaintiff's Dispute
### (Defendants Equifax and Trans Union)

**COMPLAINT ¶66:**

Plaintiff incorporates by reference the foregoing paragraphs and as though the same were set forth at length herein.

**ANSWER:**

Equifax incorporates the preceding answers as though the same were set forth at length herein.

**COMPLAINT ¶67:**

The FCRA provides that "[i]n conducting any reinvestigation under [15 U.S.C. § 1681i(a)(1)], with respect to disputed information in the file of any consumer, the consumer reporting agency shall review and consider all relevant information submitted by the consumer in the [30-day] period described in [15 U.S.C. § 1681i(a)(1)(A)] with respect to such disputed information." 15 U.S.C. § 1681i(a)(4).

**ANSWER:**

Equifax states that the statutory provisions referenced by this paragraph speak for themselves, and Equifax denies the allegations to the extent Plaintiff misstates, mischaracterizes, misquotes, or takes out of context the contents of the statutory provisions referenced by this paragraph.

**COMPLAINT ¶68:**

Plaintiff disputed the fraudulent and inaccurate accounts through dispute packages mailed directly to the CRAs via USPS Certified Mail. Plaintiff's dispute packages each included a detailed and thorough dispute letter signed by Plaintiff and a copy of Plaintiff's driver's license for identity verification.

325814195v.1

**ANSWER:**

Equifax admits that on November 4, 2024 and December 21, 2024, it received letters purportedly from Plaintiff concerning allegedly fraudulent information in her credit file, the contents of which speak for themselves. Equifax denies the remaining allegations in this paragraph.

**COMPLAINT ¶69:**

Each of Plaintiff's disputes contained more than enough information for the CRAs to investigate and find that Plaintiff was, in fact, the victim of identity theft, and that the fraudulent and inaccurate accounts had been placed on Plaintiff's credit reports as a result of identity theft

**ANSWER:**

Equifax denies the allegations in this paragraph.

**COMPLAINT ¶70:**

Each of Plaintiff's disputes contained more than enough information for the CRAs to investigate and find that Plaintiff was, in fact, the victim of identity theft, and that the fraudulent and inaccurate accounts had been placed on Plaintiff's credit reports as a result of identity theft.

**ANSWER:**

Equifax denies the allegations in this paragraph.

**COMPLAINT ¶71:**

Plaintiff, through their disputes and attached documents, provided the CRAs with documents sufficient to show that Plaintiff was the victim of identity theft, however, the CRAs failed to review and consider all relevant documents submitted by Plaintiff, in violation of 15 U.S.C. § 1681i(a)(4).

**ANSWER:**

Equifax denies the allegations in this paragraph.

**COMPLAINT ¶72:**

Had the CRAs acted in accordance with the investigation requirements imposed by the FCRA and reviewed and considered each document contained in Plaintiff's dispute package, it would have been easy for the CRAs to determine that Plaintiff was the victim of identity theft and delete and/or suppress the disputed information accordingly.

325814195v.1

**ANSWER:**

Equifax denies the allegations in this paragraph and further denies that it violated the FCRA or any other law.

**COUNT IV:**

**15 U.S.C. § 1681i(a)(5)(A)**
**Failure to Delete and/or Modify the Disputed Information**
**(Defendants Equifax and Trans Union)**

**COMPLAINT ¶73:**

Plaintiff incorporates by reference the foregoing paragraphs and as though the same were set forth at length herein.

**ANSWER:**

Equifax incorporates the preceding answers as though the same were set forth at length herein.

**COMPLAINT ¶74:**

The FCRA provides that:

(5) Treatment of Inaccurate or Unverifiable Information

(A) *In general*. If, after any reinvestigation under paragraph (1) of any information disputed by a consumer, an item of the information is found to be inaccurate or incomplete or cannot be verified, the consumer reporting agency shall-

(i)    promptly delete that item of information from the file of the consumer, or modify that item of information, as appropriate, based on the results of the reinvestigation; and

(ii)   promptly notify the furnisher of that information that the information has been modified or deleted from the file of the consumer

15 U.S.C. §1681i(a)(5)(A).

**ANSWER:**

Equifax states that the statutory provisions referenced by this paragraph speak for themselves, and Equifax denies the allegations to the extent Plaintiff misstates, mischaracterizes,

325814195v.1

misquotes, or takes out of context the contents of the statutory provisions referenced by this paragraph.

**COMPLAINT ¶75:**

Plaintiff disputed the fraudulent and inaccurate accounts multiple times. Plaintiff began disputing the fraudulent and inaccurate accounts in 2024, when Plaintiff first disputed the accounts with Equifax. Plaintiff later received dispute results from Equifax stating that it had verified the disputed accounts as accurate and continued its inaccurate credit reporting about Plaintiff. Since Plaintiff disputed the fraudulent accounts, multiple third parties have viewed her Equifax credit reports and seen the inaccurate accounts.

**ANSWER:**

Equifax admits that on November 4, 2024 and December 21, 2024, it received letters purportedly from Plaintiff concerning information in her credit file, the contents of which speak for themselves. Equifax denies the remaining allegations in this paragraph.

**COMPLAINT ¶76:**

Plaintiff disputed the fraudulent and inaccurate accounts through dispute packages mailed directly to the CRAs via USPS Certified Mail. Plaintiff's dispute packages each included a detailed and thorough dispute letter signed by Plaintiff and a copy of Plaintiff's driver's license for identity verification.

**ANSWER:**

Equifax admits that on November 4, 2024 and December 21, 2024, it received letters purportedly from Plaintiff concerning information in her credit file, the contents of which speak for themselves. Equifax denies the remaining allegations in this paragraph.

**COMPLAINT ¶77:**

Each of Plaintiff's disputes contained more than enough information for the CRAs to investigate and find that Plaintiff was, in fact, the victim of identity theft, and that the fraudulent and inaccurate accounts had been placed on Plaintiff's credit reports as a result of identity theft

**ANSWER:**

Equifax denies the allegations in this paragraph.

-24-

**COMPLAINT ¶78:**

Each of Plaintiff's disputes contained more than enough information for the CRAs to investigate and find that Plaintiff was, in fact, the victim of identity theft, and that the fraudulent and inaccurate accounts had been placed on Plaintiff's credit reports as a result of identity theft.

**ANSWER:**

Equifax denies the allegations in this paragraph.

**COMPLAINT ¶79:**

After pulling new credit reports following their dispute, Plaintiff found that the CRAs continued reporting the fraudulent and inaccurate accounts disputed by Plaintiff, in violation of the FCRA.

**ANSWER:**

Equifax denies that it violated the FCRA or any other law. Equifax further states that it

lacks information sufficient to form a belief about the remaining allegations of this paragraph,

which has the effect of a denial under Rule 8(b)(5).

**COMPLAINT ¶80:**

The CRAs violated their duties under 15 U.S.C. §1681i(a)(5)(A) by failing to promptly delete the disputed information from Plaintiff's credit files and/or credit reports.

**ANSWER:**

Equifax denies the allegations in this paragraph.

**COMPLAINT ¶81:**

Had the CRAs conducted reasonable investigations into Plaintiff's dispute as required by statute, they would have easily found that Plaintiff was the victim of identity theft and promptly deleted the disputed items from Plaintiff's credit files and/or credit reports in accordance with the FCRA. Instead, the CRAs repeatedly continued their inaccurate credit reporting about Plaintiff, to Plaintiff's great detriment.

**ANSWER:**

Equifax denies the allegations in this paragraph.

325814195v.1

## COUNT V:

### 15 U.S.C. § 1681c-2(a)
### Failure to Block the Reporting of Identity Theft Information within Four (4) Business Days
### (Defendant Trans Union)

**COMPLAINT ¶82:**

Plaintiff incorporates by reference the foregoing paragraphs and as though the same were set forth at length herein.

**ANSWER:**

Equifax incorporates the preceding answers as though the same were set forth at length herein.

**COMPLAINT ¶83:**

The FCRA provides the following:

[A] consumer reporting agency shall block the reporting of any information in the file of a consumer that the consumer identities as information that resulted from an alleged identity theft, not later than 4 business days after the date of receipt by such agency of—

(1)    appropriate proof of identity of the consumer;

(2)    a copy of an identity theft report;

(3)    the identification of such information by the consumer; and

(4)    a statement by the consumer that the information is not information relating to any transaction by the consumer.

15 U.S.C. § 1681c-2(a).

**ANSWER:**

Equifax states that the statutory provisions referenced by this paragraph speak for themselves, and Equifax denies the allegations to the extent Plaintiff misstates, mischaracterizes, misquotes, or takes out of context the contents of the statutory provisions referenced by this paragraph.

325814195v.1

**COMPLAINT ¶84:**

After Plaintiff discovered the fraudulent and inaccurate accounts appearing on her Trans Union report, Plaintiff obtained a police report and FTC identity theft report and disputed the accounts through dispute packages mailed directly to the CRA via USPS certified mail.

**ANSWER:**

Equifax lacks knowledge or information sufficient to form a belief regarding the allegations in this paragraph and, on that basis, denies the allegations contained therein.

**COMPLAINT ¶85:**

Plaintiff's dispute package contained a detailed and thorough dispute letter signed by Plaintiff in which Plaintiff stated that they were the victim of identity theft. Plaintiff's dispute letter also identified the fraudulent and inaccurate accounts by name and account number. Plaintiff's dispute package included a copy of Plaintiff's FTC identity theft report, a copy of Plaintiff's police report, and a copy of Plaintiff's driver's license for identity verification.

**ANSWER:**

Equifax admits that on November 4, 2024 and December 21, 2024, it received letters purportedly from Plaintiff concerning allegedly fraudulent information in her credit file, the contents of which speak for themselves. Equifax denies the remaining allegations in this paragraph.

**COMPLAINT ¶86:**

After pulling new credit reports more than four (4) business days following the delivery of Plaintiff's dispute packages, Plaintiff found that Trans Union had continued reporting the fraudulent and inaccurate accounts on Plaintiff's credit reports in violation of the FCRA.

**ANSWER:**

Equifax lacks knowledge or information sufficient to form a belief regarding the allegations in this paragraph and, on that basis, denies the allegations contained therein.

**COMPLAINT ¶87:**

Trans Union violated 15 U.S.C. § 1681c-2(a) when, based on information and belief, it failed to block the reporting of information in Plaintiff's consumer file that Plaintiff identified as having resulted from an alleged identity theft within four (4) business days of receipt of proof of identity, a copy of Plaintiff's identity theft report, identification of identity theft-related information, and Plaintiff's statement that the fraudulent and inaccurate accounts were the product of identity theft.

-27-

**ANSWER:**

Equifax lacks knowledge or information sufficient to form a belief regarding the

allegations in this paragraph and, on that basis, denies the allegations contained therein.

**COMPLAINT ¶88:**

Had Trans Union acted in accordance with its duties under the FCRA, it would have blocked the reporting of the fraudulent and inaccurate accounts identified by Plaintiff as resulting from identity theft within four (4) business days of receipt of Plaintiff's dispute packages.

**ANSWER:**

Equifax lacks knowledge or information sufficient to form a belief regarding the

allegations in this paragraph and, on that basis, denies the allegations contained therein.

## COUNT VI:

### 15 U.S.C. § 1681s-2(b)
### Failure to Conduct a Reasonable Investigation of the Information Disputed by Plaintiff
### (Defendant MOHELA)

**COMPLAINT ¶89:**

Plaintiff incorporates by reference the foregoing paragraphs and as though the same were set forth at length herein.

**ANSWER:**

Equifax incorporates the preceding answers as though the same were set forth at length

herein.

**COMPLAINT ¶90:**

The FCRA provides the following:

After receiving notice pursuant to section 1681i(a)(2) of this title of a dispute with regard to the completeness or accuracy of any information provided by a person to a consumer reporting agency, the person shall –

(A)    Conduct an investigation with respect to the disputed information;

(B)    Review all relevant information provided by the consumer reporting agency pursuant to section 1681i(a)(2) of this title;

-28-

(C)       Report the results of the investigation to the consumer reporting agency;

(D)       If the investigation finds that the information is incomplete or inaccurate, report those results to all other consumer reporting agencies to which the person furnished the information and that compile and maintain files on consumers on a nationwide basis; and

(E)       If an item of information disputed by a consumer is found to be inaccurate or incomplete or cannot be verified after any reinvestigation under paragraph (1), for purposes of reporting to a consumer reporting agency only, as appropriate, based on the results of the reinvestigation promptly—

        (i)       Modify that item of information;
        (ii)      Deleted that item of information; or
        (iii)     Permanently block the reporting of that information.

15 U.S.C. § 1681s-2(b).

**ANSWER:**

Equifax states that the statutory provisions referenced by this paragraph speak for themselves, and Equifax denies the allegations to the extent Plaintiff misstates, mischaracterizes, misquotes, or takes out of context the contents of the statutory provisions referenced by this paragraph.

**COMPLAINT ¶91:**

MOHELA furnished information about fraudulent and inaccurate accounts that were the product of identity theft to the Credit Reporting Agencies.

**ANSWER:**

Equifax lacks knowledge or information sufficient to form a belief regarding the allegations in this paragraph and, on that basis, denies the allegations contained therein.

**COMPLAINT ¶92:**

MOHELA caused fraudulent and inaccurate accounts to be added to Plaintiff's credit files/credit reports with the Credit Reporting Agencies.

325814195v.1

**ANSWER:**

Equifax lacks knowledge or information sufficient to form a belief regarding the allegations in this paragraph and, on that basis, denies the allegations contained therein.

**COMPLAINT ¶93:**

On information and belief, notice of Plaintiff's disputes and attachments were transmitted to MOHELA by the CRAs during the dispute process. Therefore, MOHELA was aware that the disputed accounts did not belong to Plaintiff and still, on multiple occasions, verified the disputed accounts as accurate and instructed the CRAs to continue reporting the inaccurate information, to the great detriment of Plaintiff.

**ANSWER:**

Equifax lacks knowledge or information sufficient to form a belief regarding the allegations in this paragraph and, on that basis, denies the allegations contained therein.

**COMPLAINT ¶94:**

MOHELA repeatedly failed to conduct reasonable, good faith investigations into Plaintiff's notices of dispute.

**ANSWER:**

Equifax lacks knowledge or information sufficient to form a belief regarding the allegations in this paragraph and, on that basis, denies the allegations contained therein.

**COMPLAINT ¶95:**

Had MOHELA acted in accordance with their duties under 15 U.S.C. § 1681s-2(b), it would have recognized that the disputed accounts were the product of identity theft and instructed the CRAs to cease their reporting of the fraudulent and inaccurate accounts. Instead, MOHELA verified the disputed accounts as accurate and instructed the CRAs to continue their reporting of the fraudulent and inaccurate accounts.

**ANSWER:**

Equifax lacks knowledge or information sufficient to form a belief regarding the allegations in this paragraph and, on that basis, denies the allegations contained therein.

325814195v.1

## PRAYER FOR RELIEF

WHEREFORE, Plaintiff seeks a trial by jury and a judgment in Plaintiff's favor against Defendants based on the following requested relief:

a.      Actual and compensatory damages pursuant to 15 U.S.C. § 1681;

b.      Statutory damages pursuant to 15 U.S.C. § 1681;

c.      Punitive damages pursuant to 15 U.S.C. § 1681;

d.      Costs and reasonable attorneys' fees pursuant to 15 U.S.C. § 1681n and 15 U.S.C. § 1681o,

e.      Such other and further relief as may be necessary, just and proper.

## ANSWER:

Equifax denies that Plaintiff is entitled to any relief whatsoever by the Complaint.

Equifax admits that Plaintiff demands a jury trial on all triable issues. Equifax objects to a jury trial on any claims for equitable relief and all other issues as to which a jury is not permitted as of right or as a matter of law.

## AFFIRMATIVE AND OTHER DEFENSES

Without assuming the burden of proof where it otherwise rests with Plaintiff, Equifax asserts the following affirmative and other defenses to the Complaint:

## FIRST DEFENSE

Plaintiff's claim fails in whole or in part to state a claim against Equifax Inc. upon which relief can be granted.

## SECOND DEFENSE

Equifax has at all times followed reasonable procedures to assure maximum possible accuracy of its credit reports concerning Plaintiff.

-31-

325814195v.1

## THIRD DEFENSE

Plaintiff's damages are the result of acts or omissions committed by other parties or non-parties over which Equifax has no responsibility or control.

## FOURTH DEFENSE

Equifax reserves the right to assert additional defenses as may become apparent through additional investigation and discovery.

WHEREFORE, having fully answered or otherwise responded to the allegations in Plaintiff's Complaint, Equifax prays that:

(1)    Plaintiff's Complaint be dismissed in its entirety and with prejudice as to Equifax, with all costs taxed against Plaintiff;

(2)    it be dismissed as a party to this action; and

(3)    it recover such other and additional relief as the Court deems just and appropriate.

DATED:  June 15, 2026                                Respectfully submitted,

                                                     SEYFARTH SHAW LLP


                                                     By: */s/ Jennifer R. Brooks*
                                                         Jennifer R. Brooks, Bar No. 24103791
                                                         jrbrooks@seyfarth.com
                                                         SEYFARTH SHAW LLP
                                                         2323 Ross Avenue, Suite 1660
                                                         Dallas, Texas  75201
                                                         Telephone:  (469) 608-6730

                                                     *Counsel for Defendant*
                                                     *Equifax Information Services LLC*

-32-

325814195v.1

## CERTIFICATE OF SERVICE

I hereby certify that on June 15, 2026, I presented the foregoing EQUIFAX INFORMATION SERVICES LLC'S ANSWER TO PLAINTIFF'S COMPLAINT AND AFFIRMATIVE AND OTHER DEFENSES with the Clerk of the Court using the CM/ECF system, which will send notification of such filing to all counsel of record.


 _/s/ Jennifer R. Brooks_
Jennifer R. Brooks
*Counsel for Defendant*
*Equifax Information Services LLC*

325814195v.1