THE UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF TEXAS
SHERMAN DIVISION

| | |
|---|---|
| BRANDI MERRELL, )<br><br>    Plaintiff,  )<br><br>v.  )<br><br>EQUIFAX INFORMATION SERVICES )<br>LLC, TRANS UNION LLC, AND )<br>HIGHER EDUCATION LOAN )<br>AUTHORITY OF THE STATE OF )<br>MISSOURI. )<br><br>    Defendants.  ) | No.: 4:26-CV-00313-MJT |

---

## DEFENDANT HIGHER EDUCATION LOAN AUTHORITY OF THE STATE OF MISSOURI'S ANSWER AND AFFIRMATIVE DEFENSES

---

COMES NOW Defendant Higher Education Loan Authority of the State of Missouri d/b/a MOHELA ("MOHELA"), and for its Answer and Affirmative Defenses to Plaintiff Brandi Merrell's ("Plaintiff") Complaint (Dkt. No. 1) ("Complaint"), states as follows:

### PRELIMINARY STATEMENT

1.      MOHELA acknowledges that this is an action brought by Plaintiff alleging violations of the Fair Credit Reporting Act ("FCRA") and seeking actual, statutory, and punitive damages, costs, and attorneys' fees. MOHELA denies that it furnished inaccurate information regarding Plaintiff or violated the FCRA. MOHELA specifically denies it harmed Plaintiff or that she is entitled to actual, statutory, or punitive damages from MOHELA; nor is Plaintiff entitled to recover her attorneys' fees and costs from MOHELA.

1

2.      The allegations in Paragraph 2 do not relate to MOHELA. To the extent a response is required, MOHELA is without information sufficient to form a belief as to the truth of the allegations in Paragraph 2, and therefore denies them.

3.      The allegations in Paragraph 3 do not relate to MOHELA. To the extent a response is required, MOHELA denies that it violated the FCRA. Answering further, MOHELA is without information sufficient to form a belief as to the truth of the allegations in Paragraph 3, and therefore denies them.

4.      Answering on behalf of itself only, MOHELA denies the allegations in Paragraph 4.

5.      MOHELA is without information sufficient to form a belief as to the truth of the allegations in Paragraph 5, and therefore denies them.

## JURISDICTION AND VENUE

6.      The allegations in Paragraph 6 are legal conclusions to which no response is required. To the extent a response is required, MOHELA admits that Plaintiff alleges that this Court has subject matter jurisdiction because she pursues claims under the FCRA, a federal statute. To the extent a response is required, MOHELA is without information sufficient to form a belief as to the truth of the allegations in Paragraph 6, and therefore denies them.

7.      The allegations in Paragraph 7 are legal conclusions to which no response is required. To the extent a response is required, MOHELA admits only that Plaintiff alleges that venue is proper in this Court. MOHELA denies the remaining allegations in Paragraph 7.

## PARTIES

8.      Upon information and belief, and for purposes of this case only, MOHELA admits the allegations in Paragraph 8.

2

9.      The allegations in Paragraph 9 do not relate to MOHELA. To the extent a response is required, MOHELA admits that it understands that Equifax is a consumer reporting agency. MOHELA is without information sufficient to form a belief as to the truth of the remaining allegations in Paragraph 9, and therefore denies them.

10.     The allegations in Paragraph 10 do not relate to MOHELA. To the extent a response is required, MOHELA admits that it understands that Trans Union is a consumer reporting agency. MOHELA is without information sufficient to form a belief as to the truth of the remaining allegations in Paragraph 10, and therefore denies them.

11.     MOHELA admits that it is a non-profit entity of the State of Missouri. MOHELA admits that it has a registered agent in Texas. MOHELA admits that it is required by federal contract to "furnish" information to the consumer reporting agencies. For purposes of this action only, MOHELA admits that it services certain student loans belonging to borrowers that reside in this District. MOHELA denies the remaining allegations in Paragraph 12.

## FACTUAL ALLEGATIONS

12.     MOHELA re-alleges and incorporates its answers to the foregoing paragraphs as if fully set forth herein.

13.     Answering on behalf of itself only, MOHELA denies the allegations in Paragraph 13.

14.     MOHELA is without information sufficient to form a belief as to the truth of the allegations in Paragraph 14, and therefore denies them. Answering further, MOHELA states that as it pertains to Plaintiff's federal student loans it services, the United States Department of Education ("USDOE") owns the loans and has not adjudicated that Plaintiff's student loans were the product of identity theft.

3

15.     MOHELA is without information sufficient to form a belief as to the truth of the allegations in Paragraph 15, and therefore denies them.

16.     MOHELA is without information sufficient to form a belief as to the truth of the allegations in Paragraph 16, and therefore denies them.

17.     MOHELA admits it furnished certain information to Equifax regarding Plaintiff and the student loans at issue. MOHELA denies that it furnished any inaccurate information regarding Plaintiff. MOHELA is without information sufficient to form a belief as to the truth of the remaining allegations in Paragraph 17, and therefore denies them.

18.     MOHELA is without information sufficient to form a belief as to the truth of the allegations in Paragraph 18, and therefore denies them.

19.     MOHELA is without information sufficient to form a belief as to the truth of the allegations in Paragraph 19, and therefore denies them.

20.     MOHELA is without information sufficient to form a belief as to the truth of the allegations in Paragraph 20, and therefore denies them.

21.     MOHELA is without information sufficient to form a belief as to the truth of the allegations in Paragraph 21, and therefore denies them.

22.     MOHELA denies that any student loan in Plaintiff's name that it is servicing has been adjudicated to be "fraudulent." MOHELA is without information sufficient to form a belief as to the truth of the remaining allegations in Paragraph 22, and therefore denies them.

23.     MOHELA denies that any student loan in Plaintiff's name that it is servicing has been adjudicated to be "fraudulent." MOHELA is without information sufficient to form a belief as to the truth of the remaining allegations in Paragraph 23, and therefore denies them.

4

24.     MOHELA is without information sufficient to form a belief as to the truth of the allegations in Paragraph 24, and therefore denies them.

25.     MOHELA is without information sufficient to form a belief as to the truth of the allegations in Paragraph 25, and therefore denies them.

26.     MOHELA is without information sufficient to form a belief as to the truth of the allegations in Paragraph 26, and therefore denies them.

27.     MOHELA denies that any student loan in Plaintiff's name that it is servicing has been adjudicated to be "fraudulent." MOHELA is without information sufficient to form a belief as to the truth of the remaining allegations in Paragraph 27, and therefore denies them.

28.     MOHELA denies that any student loan in Plaintiff's name that it is servicing has been adjudicated to be "fraudulent." MOHELA is without information sufficient to form a belief as to the truth of the remaining allegations in Paragraph 28, and therefore denies them.

29.     MOHELA denies that any student loan in Plaintiff's name that it is servicing has been adjudicated to be "fraudulent." MOHELA is without information sufficient to form a belief as to the truth of the remaining allegations in Paragraph 29, and therefore denies them.

30.     MOHELA denies it furnished inaccurate information regarding Plaintiff or that it damaged Plaintiff. MOHELA is without information sufficient to form a belief as to the truth of the remaining allegations in Paragraph 30, and therefore denies them.

31.     MOHELA denies it damaged Plaintiff. MOHELA is without information sufficient to form a belief as to the truth of the remaining allegations in Paragraph 31, and therefore denies them.

**PLAINTIFF'S DAMAGES**

32.     Answering on behalf of itself only, MOHELA denies the allegations in Paragraph 32.

33.     Answering on behalf of itself only, MOHELA denies the allegations in Paragraph 33.

34.     Answering on behalf of itself only, MOHELA denies the allegations in Paragraph 34, including the allegations in sub-paragraphs (a) through (c).

35.     Answering on behalf of itself only, MOHELA denies the allegations in Paragraph 35, including the allegations in sub-paragraphs (d) through (g).

36.     Answering on behalf of itself only, MOHELA denies the allegations in Paragraph 36.

37.     Answering on behalf of itself only, MOHELA denies the allegations in Paragraph 37.

**CAUSES OF ACTION**

38.     MOHELA re-alleges and incorporates its answers to the foregoing paragraphs as if fully set forth herein.

39.     MOHELA acknowledges that this is an action brought by Plaintiff alleging violations of the FCRA. MOHELA denies that it violated the FCRA and further denies that Plaintiff is entitled to any relief from MOHELA.

**VIOLATIONS OF THE FAIR CREDIT REPORTING ACT (FCRA)**

40.     MOHELA re-alleges and incorporates its answers to the foregoing paragraphs as if fully set forth herein.

6

41. The allegations in Paragraph 41 do not relate to MOHELA. To the extent a response is required, the allegations in Paragraph 41 are legal conclusions and the FCRA speaks for itself. MOHELA is without information sufficient to form a belief as to the truth of the allegations in Paragraph 41, and therefore denies them.

42. MOHELA admits only that it understands Trans Union and Equifax to be consumer reporting agencies. MOHELA is without information sufficient to form a belief as to the truth of the remaining allegations in Paragraph 42, and therefore denies them.

43. The allegations in Paragraph 43 are legal conclusions and the FCRA speaks for itself. MOHELA denies the allegations in Paragraph 43 to the extent Plaintiff misstates, mischaracterizes, misquotes, or takes out of context the contents of the statutory provisions referenced in Paragraph 43.

44. The allegations in Paragraph 44 are legal conclusions and the cited regulation speaks for itself. MOHELA denies the allegations in Paragraph 44 to the extent Plaintiff misstates, mischaracterizes, misquotes, or takes out of context the contents of the regulation referenced in Paragraph 44.

45. The allegations in Paragraph 45 are legal conclusions and the FCRA and associated regulations speak for themselves. MOHELA denies the allegations in Paragraph 45 to the extent Plaintiff misstates, mischaracterizes, misquotes, or takes out of context the contents of the FCRA or regulation referenced in Paragraph 45.

46. Answering on behalf of itself only, MOHELA denies the allegations in Paragraph 46.

47. Answering on behalf of itself only, MOHELA denies the allegations in Paragraph 47.

48.    Answering on behalf of itself only, MOHELA denies that Plaintiff is entitled to any damages from it and further denies the remaining allegations in Paragraph 48.

49.    Answering on behalf of itself only, MOHELA denies the allegations in Paragraph 49.

50.    Answering on behalf of itself only, MOHELA denies the allegations in Paragraph 50.

**COUNT I:**

**15 U.S.C. § 1681e(b)**
**Failure to Follow Reasonable Procedures to Assure Maximum Possible Accuracy**
**(Defendants Equifax and Trans Union)**

51.    MOHELA re-alleges and incorporates its answers to the foregoing paragraphs as if fully set forth herein.

52.    The allegations in Paragraph 52 do not relate to MOHELA. To the extent a response is required, the allegations in Paragraph 52 are legal conclusions and the FCRA speaks for itself. Answering further, MOHELA is without information sufficient to form a belief as to the truth of the allegations in Paragraph 52, and therefore denies them.

53.    The allegations in Paragraph 53 do not relate to MOHELA. To the extent a response is required, MOHELA is without information sufficient to form a belief as to the truth of the allegations in Paragraph 53, and therefore denies them.

54.    The allegations in Paragraph 54 do not relate to MOHELA. To the extent a response is required, MOHELA is without information sufficient to form a belief as to the truth of the allegations in Paragraph 54, and therefore denies them.

55.    The allegations in Paragraph 55 do not relate to MOHELA. To the extent a response is required, MOHELA is without information sufficient to form a belief as to the truth

of the allegations in Paragraph 55, and therefore denies them.

56.     The allegations in Paragraph 56 do not relate to MOHELA. To the extent a response is required, the allegations in Paragraph 56 are legal conclusions and the FCRA speaks for itself. Answering further, MOHELA is without information sufficient to form a belief as to the truth of the allegations in Paragraph 56, and therefore denies them.

57.     The allegations in Paragraph 57 do not relate to MOHELA. To the extent a response is required, MOHELA is without information sufficient to form a belief as to the truth of the allegations in Paragraph 57, and therefore denies them.

58.     The allegations in Paragraph 58 do not relate to MOHELA. To the extent a response is required, MOHELA is without information sufficient to form a belief as to the truth of the allegations in Paragraph 58, and therefore denies them.

59.     The allegations in Paragraph 59 do not relate to MOHELA. To the extent a response is required, MOHELA is without information sufficient to form a belief as to the truth of the allegations in Paragraph 59, and therefore denies them.

**COUNT II:**

**15 U.S.C. § 1681i(a)(1)(A)**
**Failure to Conduct a Reasonable Investigation into Plaintiff's Dispute**
**(Defendants Equifax and Trans Union)**

60.     MOHELA re-alleges and incorporates its answers to the foregoing paragraphs as if fully set forth herein.

61.     The allegations in Paragraph 61 do not relate to MOHELA. To the extent a response is required, the allegations in Paragraph 61 are legal conclusions and the FCRA speaks for itself. Answering further, MOHELA is without information sufficient to form a belief as to the truth of the allegations in Paragraph 61, and therefore denies them.

9

62.     The allegations in Paragraph 62 do not relate to MOHELA. To the extent a response is required, MOHELA is without information sufficient to form a belief as to the truth of the allegations in Paragraph 62, and therefore denies them.

63.     The allegations in Paragraph 63 do not relate to MOHELA. To the extent a response is required, MOHELA is without information sufficient to form a belief as to the truth of the allegations in Paragraph 63, and therefore denies them.

64.     The allegations in Paragraph 64 do not relate to MOHELA. To the extent a response is required, MOHELA is without information sufficient to form a belief as to the truth of the allegations in Paragraph 64, and therefore denies them.

65.     The allegations in Paragraph 65 do not relate to MOHELA. To the extent a response is required, MOHELA is without information sufficient to form a belief as to the truth of the allegations in Paragraph 65, and therefore denies them.

## COUNT III:

**15 U.S.C. § 1681i(a)(4)**
**Failure to Read and Consider Documents Attached to Plaintiff's Dispute**
**(Defendants Equifax and Trans Union)**

66.     MOHELA re-alleges and incorporates its answers to the foregoing paragraphs as if fully set forth herein.

67.     The allegations in Paragraph 67 do not relate to MOHELA. To the extent a response is required, the allegations in Paragraph 67 are legal conclusions and the FCRA speaks for itself. Answering further, MOHELA is without information sufficient to form a belief as to the truth of the allegations in Paragraph 67, and therefore denies them.

68.     The allegations in Paragraph 68 do not relate to MOHELA. To the extent a response is required, MOHELA is without information sufficient to form a belief as to the truth

10

of the allegations in Paragraph 68, and therefore denies them.

69.    The allegations in Paragraph 69 do not relate to MOHELA. To the extent a response is required, MOHELA is without information sufficient to form a belief as to the truth of the allegations in Paragraph 69, and therefore denies them.

70.    The allegations in Paragraph 70 do not relate to MOHELA. To the extent a response is required, MOHELA is without information sufficient to form a belief as to the truth of the allegations in Paragraph 70, and therefore denies them.

71.    The allegations in Paragraph 71 do not relate to MOHELA. To the extent a response is required, MOHELA is without information sufficient to form a belief as to the truth of the allegations in Paragraph 71, and therefore denies them.

72.    The allegations in Paragraph 72 do not relate to MOHELA. To the extent a response is required, MOHELA is without information sufficient to form a belief as to the truth of the allegations in Paragraph 72, and therefore denies them.

## COUNT IV:

**15 U.S.C. § 1681i(a)(5)(A)**
**Failure to Delete and/or Modify the Disputed Information**
**(Defendants Equifax and Trans Union)**

73.    MOHELA re-alleges and incorporates its answers to the foregoing paragraphs as if fully set forth herein.

74.    The allegations in Paragraph 74 do not relate to MOHELA. To the extent a response is required, the allegations in Paragraph 74 are legal conclusions and the FCRA speaks for itself. Answering further, MOHELA is without information sufficient to form a belief as to the truth of the allegations in Paragraph 74, and therefore denies them.

75.    The allegations in Paragraph 75 do not relate to MOHELA. To the extent a

11

response is required, MOHELA is without information sufficient to form a belief as to the truth of the allegations in Paragraph 75, and therefore denies them.

76. The allegations in Paragraph 76 do not relate to MOHELA. To the extent a response is required, MOHELA is without information sufficient to form a belief as to the truth of the allegations in Paragraph 76, and therefore denies them.

77. The allegations in Paragraph 77 do not relate to MOHELA. To the extent a response is required, MOHELA is without information sufficient to form a belief as to the truth of the allegations in Paragraph 77, and therefore denies them.

78. The allegations in Paragraph 78 do not relate to MOHELA. To the extent a response is required, MOHELA is without information sufficient to form a belief as to the truth of the allegations in Paragraph 78, and therefore denies them.

79. The allegations in Paragraph 79 do not relate to MOHELA. To the extent a response is required, MOHELA is without information sufficient to form a belief as to the truth of the allegations in Paragraph 79, and therefore denies them.

80. The allegations in Paragraph 80 do not relate to MOHELA. To the extent a response is required, the allegations in Paragraph 80 are legal conclusions and the FCRA speaks for itself. Answering further, MOHELA is without information sufficient to form a belief as to the truth of the allegations in Paragraph 80, and therefore denies them.

81. The allegations in Paragraph 81 do not relate to MOHELA. To the extent a response is required, MOHELA is without information sufficient to form a belief as to the truth of the allegations in Paragraph 81, and therefore denies them.

12

## COUNT V:

### 15 U.S.C. § 1681c-2(a)
### Failure to Block the Reporting of Identity Theft Information within Four (4) Business Days
### (Defendant Trans Union)

82.    MOHELA re-alleges and incorporates its answers to the foregoing paragraphs as if fully set forth herein.

83.    The allegations in Paragraph 83 do not relate to MOHELA. To the extent a response is required, the allegations in Paragraph 83 are legal conclusions and the FCRA speaks for itself. Answering further, MOHELA is without information sufficient to form a belief as to the truth of the allegations in Paragraph 83, and therefore denies them.

84.    The allegations in Paragraph 84 do not relate to MOHELA. To the extent a response is required, MOHELA is without information sufficient to form a belief as to the truth of the allegations in Paragraph 84, and therefore denies them.

85.    The allegations in Paragraph 85 do not relate to MOHELA. To the extent a response is required, MOHELA is without information sufficient to form a belief as to the truth of the allegations in Paragraph 85, and therefore denies them.

86.    The allegations in Paragraph 86 do not relate to MOHELA. To the extent a response is required, MOHELA is without information sufficient to form a belief as to the truth of the allegations in Paragraph 86, and therefore denies them.

87.    The allegations in Paragraph 87 do not relate to MOHELA. To the extent a response is required, the allegations in Paragraph 87 are legal conclusions and the FCRA speaks for itself. MOHELA is without information sufficient to form a belief as to the truth of the allegations in Paragraph 87, and therefore denies them.

88.    The allegations in Paragraph 88 do not relate to MOHELA. To the extent a

response is required, MOHELA is without information sufficient to form a belief as to the truth of the allegations in Paragraph 88, and therefore denies them.

**COUNT VI:**

**15 U.S.C. § 1681s-2(b)**
**Failure to Conduct a Reasonable Investigation of the Information Disputed by Plaintiff**
**(Defendant MOHELA)**

89. MOHELA re-alleges and incorporates its answers to the foregoing paragraphs as if fully set forth herein.

90. The allegations in Paragraph 90 are legal conclusions and the FCRA speaks for itself. MOHELA denies the allegations in Paragraph 90 to the extent Plaintiff misstates, mischaracterizes, misquotes, or takes out of context the contents of the statutory provisions referenced in Paragraph 90.

91. MOHELA denies the allegations in Paragraph 91.

92. MOHELA denies the allegations in Paragraph 92.

93. MOHELA admits only that it received certain of Plaintiff's disputes from the consumer reporting agencies. MOHELA denies all remaining allegations in Paragraph 93.

94. MOHELA denies the allegations in Paragraph 94.

95. MOHELA denies the allegations in Paragraph 95.

**PRAYER FOR RELIEF**

FURTHER ANSWERING, MOHELA acknowledges that the Complaint seeks a jury trial, but denies that the Complaint raises any triable issue against MOHELA. MOHELA further denies that Plaintiff is entitled to any relief whatsoever from it and therefore denies that any relief should be awarded pursuant to the allegations in the Complaint.

14

## DEFENSES AND AFFIRMATIVE DEFENSES

While MOHELA denies the allegations pleaded in the Complaint as stated above, MOHELA raises the following additional defenses. Inclusion of such defenses is not intended to shift the burdens of proof or persuasion imposed by law. Moreover, inclusion shall not be deemed an admission of liability, damages, or other essential elements of Plaintiff's claims, but rather as alternative or additional defenses that may bar or otherwise limit recovery.

## FIRST DEFENSE

Plaintiff's claim against MOHELA fails because Plaintiff has not been damaged by any acts of MOHELA and, to the extent Plaintiff has damages, such damages were caused by Plaintiff's own actions or inactions. Specifically, the process for discharging a Direct Loan on the basis of identity theft is governed by the code of federal regulations, including 34 CFR § 685.215. These federal regulations require Plaintiff to certify that she did not sign the promissory note, certify that she did not receive or benefit from the proceeds of the loan, provide certain identifying information, including name, social security number, date of birth, copy of driver's license, and other information, like signature exemplars. Plaintiff has not yet submitted a completed identity theft application for consideration by the USDOE.

## SECOND DEFENSE

Upon information and belief, Plaintiff's claim under the FCRA against MOHELA is premature and subject to dismissal. As covered in the First Defense *supra*, Plaintiff has not submitted a complete identity theft packet for review by the USDOE. Nor has Plaintiff's claim of identity theft been adjudicated by the USDOE. Plaintiff has not yet received the false certification discharge required by 20 U.S.C. 1087(c)(1), which sets forth the exclusive administrative remedy. "The inclusion of undischarged student loans in Plaintiff's credit report

15

cannot be incomplete or inaccurate, particularly prior to any resolution of Plaintiff's identity theft claim." *Petrou v. Navient Corp.*, No. 17CV02033BTMJLB, 2018 WL 3020160, at *3 (S.D. Cal. June 15, 2018). Thus, Plaintiff's FCRA claim is premature, and should be dismissed.

## THIRD DEFENSE

Plaintiff's claim fails because Plaintiff has not been damaged by any acts of MOHELA and, to the extent Plaintiff has damages, such damages may have been caused by independent third parties or by an intervening and superseding cause, including but not limited to Plaintiff, the alleged imposter/fraudster, North Central Texas College, Experian, Equifax, Trans Union, or other individuals or entities as may be revealed in discovery, over whom MOHELA has no control and for whom MOHELA has no responsibility.

## FOURTH DEFENSE

Plaintiff's claim fails because Plaintiff has not been damaged by any acts of MOHELA and, to the extent Plaintiff has damages, Plaintiff failed to mitigate her damages. In support of this assertion, MOHELA incorporates the facts alleged in its First and Second Defenses, *supra*.

## FIFTH DEFENSE

Plaintiff has suffered no injury-in-fact and does not have standing to assert her claim against MOHELA. *See Spokeo, Inc. v. Robins*, 136 S.Ct. 1540 (2016).

## SIXTH DEFENSE

To the extent Plaintiff seeks to recover her attorney's fees from MOHELA as articulated in the Complaint's *ad damnum* clause, Plaintiff's claim fails because she has not alleged a violation of the FCRA as it pertains to MOHELA. While Plaintiff's Complaint is laden with legal conclusions, Plaintiff failed to plead facts plausibly supporting her allegations that the alleged violations, which are covered by the FCRA and which MOHELA deny exist, were either

16

willful (15 U.S.C. § 1681n) or negligent (15 U.S.C. § 1681o).

## SEVENTH DEFENSE

Plaintiff cannot meet the heightened standards required under 15 U.S.C. § 1681n in order to recover punitive or statutory damages.

## EIGHTH DEFENSE

Upon information and belief, Plaintiff's claims are barred, in whole or in part, by the doctrines of estoppel, waiver, and laches.

## NINTH DEFENSE

Plaintiff cannot prevail on her claim against MOHELA because MOHELA acted in good faith in conformity and in reliance upon all applicable laws, rules, and regulations, and was further privileged in its actions.

## TENTH DEFENSE

Plaintiff cannot prevail on her claim against MOHELA because it did not act with negligence, willful intent to injure, or in conscious disregard of the rights of Plaintiff.

## ELEVENTH DEFENSE

MOHELA maintained reasonable procedures to ensure accuracy in reporting to the credit reporting agencies, thereby precluding any liability. MOHELA may not be held liable because any alleged violation of the law, which MOHELA denies occurred, was not intentional and resulted, if at all, from a *bona fide* error notwithstanding the maintenance of procedures reasonably adapted to avoid any such error.

## TWELFTH DEFENSE

Plaintiff's claim is barred, in whole or in part, because MOHELA's reports concerning Plaintiff, if any, were true or substantially true at the time they were made. Moreover, MOHELA

17

has not willfully or maliciously published any untrue information with respect to Plaintiff's credit.

## THIRTEENTH DEFENSE

MOHELA complied with the provisions of the FCRA, 15 U.S.C. §§ 1681, *et seq.*, in its handling of Plaintiff's credit. Furthermore, MOHELA acted in good faith in conformity with the applicable statutes, rules, regulations, and/or interpretations. Accordingly, MOHELA is entitled to each and every defense and limitation of liability provided by those statutes and regulations.

## FOURTEENTH DEFENSE

Plaintiff's claim for exemplary or punitive damages and the FCRA damages model violate the Due Process and Double Jeopardy Clauses of the Fifth Amendment, the Excessive Fines Clause of the Eighth Amendment, and the laws of the State of Missouri and the State of Texas. MOHELA further adopts by reference the defenses, criteria, limitations, standards and constitutional protections mandated or provided by the United States Supreme Court in the following cases:  *BMW v. Gore*, 517 U.S. 559 (1996); *Cooper Indus., Inc. v. Leatherman Tool Group, Inc.,* 532 U.S. 923 (2001); *State Farm v. Campbell*, 538 U.S. 408 (2003); and *SAFECO Insurance Co. of America v. Burr*, 127 S.Ct. 2201 (2007).

## FIFTEENTH DEFENSE

MOHELA states that it will seek any settlement credits provided by the FCRA or applicable law.

## SIXTEENTH DEFENSE

MOHELA adopts by reference any defenses raised by its co-defendants that apply to MOHELA with equal force.

18

## SEVENTEENTH DEFENSE

MOHELA states that its investigation of this matter is ongoing, and MOHELA hereby reserves the right to state additional affirmative defenses as applicable to the claims alleged herein.

WHEREFORE, Defendant Higher Education Loan Authority of the State of Missouri, having fully answered Plaintiff's Complaint, prays that the Complaint be dismissed with prejudice, the Court grant Defendant Higher Education Loan Authority of the State of Missouri's attorneys' fees and costs incurred herein upon finding that this action was filed in bad faith or for purposes of harassment under 15 U.S.C. §§ 1681n(c) or 1681o(b), and for such other and further relief as the Court deems just and proper.

Respectfully submitted,

THOMPSON COBURN LLP

/s/ *John P. Atkins*
John P. Atkins
Texas Bar No. 24097326

2100 Ross Ave, Suite 3200
Dallas, TX 75201
Telephone: (972) 629-7100
jatkins@thompsoncoburn.com

**ATTORNEYS FOR DEFENDANT
HIGHER EDUCATION LOAN
AUTHORITY OF THE STATE OF
MISSOURI**

19

## <u>CERTIFICATE OF SERVICE</u>

I hereby certify that on this 29th day of June, 2026, I electronically filed the foregoing document with the Court's CM/ECF system which will serve a copy of this document electronically to all counsel of record.

_/s/ John P. Atkins_
John P. Atkins